IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLEN DEVLIN, <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA CENTRAL RAILROAD COMPANY, AND A Delaware Corporation; and RIO GRANDE PACIFIC CORPORATION, A Texas Corporation; <br><br> Defendants. | 4:15CV3024 <br><br> **MEMORANDUM AND ORDER** |

Defendants filed a motion to compel Plaintiff's full and complete responses to Nebraska Central's Interrogatories Nos. 5, 6, 7(a), 7(b), 9, 11, and 13; to Nebraska Central's Requests for Production Nos. 1, 4, and 21; and to Rio Grande's Interrogatories Nos. 5 and 12. ([Filing No. 31](#)). Plaintiff has failed to respond to the motion and the deadline for responding has passed. The motion is deemed unopposed.

The court held a conference with counsel prior to Defendants' filing of a motion to compel. Defendant Nebraska Central's Request No. 1 seeks "Plaintiff's state and federal income tax returns for 2010 through the present date." Plaintiff has not objected to this request, but he has also failed to fully respond. During the pre-motion conference call held on January 21, 2016, Plaintiff's counsel stated Plaintiff will produce his 2010, 2012, and 2014 tax returns. But these missing returns have not yet been produced. Similarly, during the pre-motion conference, Plaintiff's counsel agreed to produce the recording requested in Nebraska Central's Request No. 4, but the recording has not been disclosed to date. Plaintiff will be ordered to produce his 2010, 2012, and 2014 tax returns and the recording identified in Request No. 4 within 14 days.

Defendants served Interrogatories and Requests for Production asking Plaintiff to explain the factual basis of his claims. Rule 26(b) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense.  Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 33 governs interrogatories and provides "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b).  An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2).  Interrogatories may be responded to by specifying records to be reviewed if the answer may be determined by examining the document *and* if the burden of deriving the answer "will be substantially the same for either party[.]"  Fed. R. Civ. P. 33(d).

Interrogatories 5 and 6 request the factual basis for alleging his return to work status with Nebraska Central was motivated by asking for accommodations for his disability and by pursuing an FELA claim, and that Nebraska Central intentionally and knowingly disregarded Plaintiff's federally protected rights.  Nebraska Central's Interrogatories 7 and 11 ask Plaintiff to identify impairments which limit his ability to perform the job of a Conductor, the accommodations needed to perform the job duties safely, and all work restrictions he was subject to while employed by Nebraska Central. Rio Grande's Interrogatory 5 asks Plaintiff to explain how his disabilities continue to impair major life activities.  Interrogatory 13 asks Plaintiff to provide, by category, a calculation of his requested damages.

In response to each of these requests, Plaintiff generally refers Defendants to the voluminous documents he produced, including medical records and transcripts.  Plaintiff has not identified the specific facts underlying his claims, or even the specific document pages or medical records supporting his allegations.  He provided no calculation of his damages, which is required in response to Defendants' discovery and is mandatory under Rule 26(a)(1)(A)(III) of the Federal Rules of Civil Procedure.

Plaintiff's interrogatory responses place the burden on the defendants to cull through Plaintiff's document disclosure and sort out the facts Plaintiff may be relying on in support of his claim.  "Only plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes

a greatly unequal burden on defendants." See [U.S. S.E.C. v. Elfindepan, S.A., 206 F.R.D 574, 577 n.5 (M.D.N.C. 2002)](). Plaintiff's interrogatory responses are, for all practical purposes, nonresponsive. Plaintiff will be ordered to serve full and complete responses to Defendants' interrogatories within 14 days.

Defendants' discovery also seeks to determine whether Plaintiff is claiming Defendants made any statements or admissions against interest, and they demand a copy of all such statements. See Nebraska Central Interrogatory No. 9 and Request No. 21; Rio Grande Interrogatory No. 12. Defendants are entitled to this information. But rather than providing an answer, Plaintiff merely directs Defendants to review Plaintiff's document production, including a hearing transcript. Plaintiff has not identified which statements within those documents are allegedly against Defendants' interests and who made those statements. Plaintiff will be ordered to fully respond to Defendants' discovery regarding alleged adverse statements.

Accordingly,

IT IS ORDERED:

1) Defendants' motion to compel, ([Filing No. 31]()), is granted.

2) On or before March 7, 2016, Plaintiff shall serve full and complete responses to Nebraska Central's Interrogatories Nos. 5, 6, 7(a), 7(b), 9, 11, and 13; to Nebraska Central's Requests for Production Nos. 1, 4, and 21; and to Rio Grande's Interrogatories Nos. 5 and 12.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.